IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESLIE JACKSON, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| S I GROUP OF RESTAURANTS-4, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Leslie Jackson ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant S I Group of Restaurants-4, LLC ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Saleem Lakhani, 7535 Scarlet Dr., Alpharetta, Georgia 30005.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began her employment with Defendant in June 2019 as a shift manager, and at the time of her termination in July 2020, she was an assistant manager.

8.

Plaintiff suffers from disabilities, specifically asthma and bronchitis. At all times relevant, Defendant had knowledge of Plaintiff's disabilities.

9.

On or about July 7, 2020, at approximately 2:30 a.m., Plaintiff was notified via the company app that an employee had tested positive Covid-19. Because of Plaintiff's disabilities, she is at high risk if she is exposed to Covid-19. Plaintiff notified her manager, Becky Miller, via text message, that because of her disabilities, she was considered high risk.

10.

Plaintiff asked Ms. Miller if she could bring Clorox in to disinfect the restaurant as she had a shift at 9:30 the morning of July 7th. Plaintiff further advised that if she could not bring Clorox in, she could not work that shift.

11.

Rather than accommodate Plaintiff's disabilities, Defendant responded by terminating Plaintiff's employment the same day.

12.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

13.

Defendant terminated Plaintiff's employment because of her disabilities, perceived disabilities, need for reasonable accommodation(s), and/or because Plaintiff engaged in protected activity by seeking reasonable accommodation(s) for her disabilities. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation in violation of the ADA.

14.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## **CLAIMS FOR RELIEF**

## **COUNTS I & II**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

## **(ADA DISCRIMINATION AND RETALIATION)**

15.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

16.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

17.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

18.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

19.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

20.

Plaintiff's disabilities, request and/or need for reasonable accommodation(s) were determinative factors in Defendant's decision to terminate Plaintiff.

21.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodations.

22.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

23.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, request for and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

24.

In terminating Plaintiff after she sought reasonable accommodation(s) of time off or being permitted to sanitize the restaurant, Defendant retaliated against Plaintiff in violation of the ADA.

25.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

26.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 15th day of October, 2020.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com